UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**LEROY KENTISH, on his own behalf
and others similarly situated,**

    **Plaintiff,**

v.                                                      Case No.  8:08-cv-44-T-30MSS

**MADAHCOM, INC.,**

    **Defendant.**
_____/

## **ORDER**

THIS CAUSE comes before the Court upon Plaintiff's Motion to Dismiss Defendant's Counterclaims for Lack of Subject Matter Jurisdiction (Dkt. 13), and Defendant's Memorandum of Law in opposition to the same (Dkt. 14). The Court, having reviewed the Motion and Memorandum, and being otherwise fully advised in the premises, determines that the Motion should be denied.

On January 9, 2008, Plaintiff filed this action for unpaid overtime compensation under the Fair Labor Standards Act, 29 U.S.C. § 216(b) (the "FLSA"). Plaintiff claims he and those similarly situated to him were not paid time and one-half their regular rate of pay for working in excess of forty hours per week. On February 19, 2008, Defendant filed an Answer to Plaintiff's Complaint and a Counterclaim seeking injunctive relief and damages arising from Plaintiff's alleged breach of a company credit card agreement (the "Credit Card Agreement"). Defendant claims although it reimbursed Plaintiff for business-related

expenses charged to a company credit card, Plaintiff failed to subsequently pay Citibank for the charges in accordance with the Credit Card Agreement.[1]

Pursuant to 28 U.S.C. § 1367(a), "the district courts shall have supplemental jurisdiction over all claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy . . . ."  In order for the Court to have supplemental jurisdiction over the state law claims, it must be shown that the state law claims presented are compulsory, rather than permissive. *Arcusa v. Lisa Coplan-Garder, P.A.,* 2007 WL 3521986, at *1 (M.D.Fla. Nov. 15, 2007).  Pursuant to Federal Rule of Civil Procedure 13(a), a counterclaim is compulsory if it "arises out of the transaction or occurrence that is the subject matter of the opposing party's claim" and "does not require adding another party over whom the court cannot acquire jurisdiction."

The Eleventh Circuit employs the "logical relationship" test to determine whether or not a counterclaim is compulsory rather than permissive. *Republic Health Corp. v. Lifemark Hospitals of Florida., Inc.*, 755 F.2d 1453, 1455 (11th Cir. 1985).  Under this test, "there is a logical relationship when the same operative facts serve as the basis of both claims or the aggregate core of facts upon which the claim rests activates additional legal rights, otherwise dormant, in the defendant." *Id.* (internal citation omitted).  "Where multiple claims involve many of the same factual issues . . . or where they are offshoots of the same basic controversy between the parties, fairness and considerations of convenience and of economy require that the counterclaimant be permitted to maintain his cause of action." *Farris v. United Hospital Equipment, Inc.*, 2008 WL 341348, at *1  (M.D.Fla. Feb. 5, 2008) (citing *Revere Copper & Brass, Inc. v. Aetna Cas. & Sur. Co.*, 426 F.2d 709, 714 (5th Cir. 1970)).

---

[1] The subject credit card was issued by Citibank.  Citibank is not a party to this action.

Plaintiff claims the Counterclaim is based entirely on state law and insufficient to allow the Court to exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367. Defendant argues the Counterclaim is logically related to Plaintiff's FLSA claim, and that the claims of each party involve many of the same factual issues or are offshoots of the same basic controversy.

Upon review and consideration, the Court agrees with Defendant. Both parties' claims are logically related to Plaintiff's employment compensation. While Plaintiff's claims relate directly to the payment of his wages, Defendant's Counterclaim relates to the reimbursement of his expenses under the Credit Card Agreement. The claims and Counterclaim involve many of the same issues or are offshoots of the same basic controversy. Accordingly, considerations of convenience and economy require an order entitling Defendant to maintain its Counterclaim. *See Farris*, 2008 WL 34134 at *1. Furthermore, Defendant's Counterclaim is a valid setoff and may be used as such for the purpose of reducing the damages, if any, recovered by Plaintiff. *See Mercer v. Palm Harbor Homes, Inc.,* 2005 WL 3019302, at *2 (M.D.Fla. Nov. 10, 2005).

It is therefore ORDERED AND ADJUDGED that Plaintiff's Motion to Dismiss Defendant's Counterclaims for Lack of Subject Matter Jurisdiction is **DENIED**.

**DONE** and **ORDERED** in Tampa, Florida on April 4, 2008.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2008\08-cv-44.mtd cc.frm